Estate of Will Horwitz, Deceased, W. P. Hamblen, Independent Executor v. Commissioner. Agatha Horwitz Miller v. Commissioner. Edward J. Miller v. Commissioner.
Estate of Will Horwitz v. Commissioner
Docket Nos. 15963, 16813, 16814.
United States Tax Court
1948 Tax Ct. Memo LEXIS 17; 7 T.C.M. (CCH) 929; T.C.M. (RIA) 48255; December 13, 1948
*17 Income: Realization: Benefit: Reduction of indebtedness. - The net income from the operation of a theatre in which decedent's former wife owned an interest, held, taxable in its entirety to the estate which also owned an interest in the property, since that income was used under the terms of an agreement to liquidate the indebtedness on the theatre in such a manner as to increase the equity of the estate in the property but not to benefit the former wife and not to increase her equity in that property. H. C. Riquelmy, C.P.A., State Nat'l Bldg., Houston, Tex., and Bleecker L. Morse, Esq., Haden Bldg., Galveston, Tex., for the petitioners. John P. Higgins, Esq., for the respondent. MURDOCK
Memorandum Opinion MURDOCK, Judge: The Commissioner determined deficiencies in income tax as follows: Docket No.
Petitioner
Year
Deficiency
15963
Estate of Will Horwitz, Dec'd.
Fiscal year ended
November 30, 1943
$5,206.27
16813
Agatha Horwitz Miller
1943
1,636.07
16814
Edward J. Miller
1943
1,560.68 The only issue for decision is whether income from the operation of the Upton Theatre in the amounts of $7,489.19 for 1942 and $7,230.95 *18 for 1943 is taxable as community income of Agatha Horwitz Miller or is taxable to the Estate of Will Horwitz. The facts have been stipulated. The returns were filed with the collector of internal revenue for the first district of Texas. [The Facts] Will Horwitz died in 1941. Agatha Horwitz Miller was formerly his wife. They were divorced in 1929 and Agatha thereafter married Miller. Horwitz was in the theatre business and the community property divided between him and Agatha at the time of their divorce included some stock in a theatre company. Later Horwitz contracted to build the "Uptown Theatre" under a lease agreement with H. G. House, who owned the property. Horwitz wanted to acquire the voting rights to the theatre stock owned by Agatha. They entered into an agreement dated August 26, 1940. It recited that Agatha owned one-eighth of the theatre stock and had a one-eighth interest in the Horwitz equity in the Uptown Theatre and Uptown Properties. The agreement provided that Agatha was to receive $60 per week until the theatre stock and the Uptown Theatre should be sold, at which time stated parts of the proceeds were to go to her or her successors and, further, that *19 henceforth Agatha should have a one-fourth interest in the Horwitz equity in the Uptown Theatre but should have no interest in the Uptown properties. She transferred her interest in the theatre stock and in the Uptown Theatre to W. P. Hamblen in trust, she to receive the dividends on the stock. Hamblen was to vote the stock as Horwitz directed and Horwitz was to manage the Uptown Theatre. The trust was to cease if there was any failure in payment of the $60 weekly and the dividends. The death of Horwitz was not to terminate the trust. The agreement also provided as follows: "In connection with the management of said Uptown Theatre, it is understood that during the lifetime of Will Horwitz he shall be the sole manager thereof, with the right to use the income, rents and revenues therefrom in any manner he may see fit to do, and the payment of said sum of Sixty Dollars ($60.00) per week is accepted by the said Agatha Horwitz or her estate in lieu of any payments or interest that she may have in the net income, rents and revenues from said Uptown Theatre, * * * until such time as all of the debts and obligations of every character of the Uptown Theatre and the Uptown Center are fully *20 paid, after which time, in addition to said Sixty Dollars ($60.00) per week, one-fourth (1/4) of the net earnings of the Uptown Theatre shall be paid to the said Agatha Horwitz or her estate as above provided, in monthly, quarterly or semi-annual installments, as may be decided by the said Will Horwitz and W. P. Hamblen, Trustee." The Uptown Theatre and the Uptown Center (sometimes called Properties) were heavily burdened with debt and were operating under a creditor's committee at the time Horwitz died. The income therefrom, including that here in question, was used to liquidate that indebtedness. The return for the estate of Will Horwitz for the fiscal year ended November 30, 1943, reported net income of $28,923.81 from the Uptown Theatre and deducted one-fourth, or $7,230.95, as the portion which belonged to Agatha. The Millers referred to the amount in their returns but did not include it as taxable income. The Commissioner, in determining the deficiencies disallowed the deduction claimed by the estate and also included the same amount in the taxable income of the Millers. He recognized that it is not taxable to both. His contention is that it is taxable to the estate but, *21 if not, then to the Millers. [Opinion] If the record showed that the income from the Uptown Theatre under this peculiar agreement was actually increasing Agatha's equity in that property or benefiting her, then the income might, to that extent, be taxable as her community income. However, the stipulation does not show that. Instead, it indicates that the income in question was only benefiting the estate. The agreement of August 26, 1940 provided that Agatha was to receive at least $35,000 if the Uptown Theatre was sold and was to receive one-fourth of the proceeds if they exceeded $140,000. Agatha received only $35,000 when the Uptown Theatre was sold in 1944, the minimum payment to which she was entitled in case of sale. The $60 per week which Agatha received and reported may have come from this property but that was the extent of her benefit from the income of the estate during this year. It is held that the income in question is taxable to the estate and not to the Millers. Decision will be entered for the respondent at Docket No. 15963, and under Rule 50 at the other two docket numbers.